UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| KEVIN HUTCHINGS, individually and on behalf of all others similarly situated, | DOCKET NO. 7:20-cv-00094 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| XTO ENERGY, INC., | |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Plaintiff Kevin Hutchings (Hutchings) brings this lawsuit to recover unpaid overtime wages and other damages from XTO Energy, Inc. (XTO) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.  Hutchings and the other workers like him regularly worked for XTO in excess of forty (40) hours each week. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

3.  Instead of paying overtime as required by the FLSA, XTO improperly classified Hutchings and those similarly situated workers as independent contractors and paid them a daily rate with no overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

4.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claim occurred in this District and Division.

6. Hutchings worked for XTO throughout Midland County.

## **PARTIES**

7. From approximately January 2019 until August 2019, Hutchings worked for XTO as a Field Foreman. Throughout his employment with XTO, he was paid a day-rate with no overtime compensation and was misclassified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

8. Hutchings brings this action on behalf of himself and other similarly situated workers who were classified as independent contractors and paid by XTO's day-rate system.

9. XTO paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

10. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All Field Foremen who worked for, or on behalf of, XTO Energy, Inc. who were paid a day-rate with no overtime during the past 3 years.** (the "Putative Class Members")

11. Hutchings seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

12. Defendant XTO Energy, Inc. may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## **COVERAGE UNDER THE FLSA**

13. XTO has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. XTO has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. XTO has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Hutchings and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

17. As will be shown through this litigation, XTO treated Hutchings and the Putative Class Members as employees and uniformly dictated the pay practices to which Hutchings and the Putative Class Members were subjected.

18. XTO's misclassification of Hutchings and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

**FACTS**

19. XTO claims to the most active operator in the Permian Basin.[1] "XTO Energy is a leading oil and natural gas producer in the United States with expertise in developing tight gas, shale gas and unconventional oil resources. XTO or its affiliates operate in all major U.S. unconventional producing regions and Western Canada."[2]

20. In order to create the goods, and provide the services, it markets to its customers, XTO hires oilfield personnel like Hutchings and the Putative Class Members.

21. These oilfield workers carry out the hands-on, day-to-day production work of XTO.

---

[1] www.xtoenergy.com (last visited April 13, 2020)
[2] www.xtoenergy.com/Operations/Operating-areas/XTO-Energy-operations-overview (last visited April 13, 2020)

22. XTO paid Hutchings and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

23. For example, Hutchings worked for XTO from approximately January 2019 until August 2019 as a Field Foreman.

24. As a Field Foreman, Hutchings oversaw the subcontractors constructing the infrastructure for the wellsite in the field. He ensured that this construction complied with the well and construction plans created by XTO or their clients. This included the construction of the tank farms, the dirt work for the drilling pad, and other infrastructure used in the drilling and "fracking" process.

25. The labor Hutchings performed was an essential and integral part of XTO's core business.

26. While he was classified as an independent contractor, XTO exercised control over all aspects of his job.

27. XTO did not require any substantial investment by Hutchings or the Putative Class Members for them to perform the work that was required.

28. XTO determined Hutchings and the Putative Class Members opportunity for profit and loss. Hutchings and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

29. XTO and its clients controlled all the significant or meaningful aspects of the job duties performed by Hutchings and the Putative Class Members.

30. XTO and its clients determined the hours and locations Hutchings and the Putative Class Members worked.

31. Even though Hutchings and the Putative Class Members often worked away from XTO's offices without the presence of a direct supervisor employed by XTO, XTO still controlled all aspects of Hutchings and the Putative Class Members job activities by enforcing mandatory compliance with XTO's policies and procedures.

32. XTO made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Hutchings and the Putative Class Members worked.

33. Hutchings and the Putative Class Members were economically dependent on XTO during their employment.

34. XTO set Hutchings and the Putative Class Members rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for XTO.

35. XTO directly determined Hutchings and the Putative Class Members opportunity for profit and loss. Hutchings and the Putative Class Members earning opportunities were based on the number of days XTO scheduled them to work.

36. Moreover, the job functions of Hutchings and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

37. Hutchings and the Putative Class Members were not employed by XTO on a project-by-project basis. In fact, while Hutchings and the Putative Class Members were classified as independent contractors, they were regularly on call for XTO and/or its clients and were expected to drop everything and work whenever needed.

38. Hutchings and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

39. Hutchings and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

40. XTO's policy of failing to pay overtime to workers misclassified as independent contractors, including Hutchings and the Putative Class Members, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

41. Because Hutchings and the Putative Class Members were misclassified as independent contractors by XTO, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## FLSA Violations

42. As set forth herein, XTO has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

43. XTO knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Hutchings and the Putative Class Members overtime compensation. XTO's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

44. Accordingly, Hutchings and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## Collective Action Allegations

45. The illegal pay practices XTO imposed on Hutchings were likewise imposed on the Putative Class Members.

46. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

47. Numerous other individuals who worked with Hutchings were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

48. Based on his experiences and tenure with XTO, Hutchings is aware that XTO's illegal practices were imposed on other Putative Class Members.

49. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

50. XTO's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

51. Hutchings's experiences are therefore typical of the experiences of the Putative Class Members.

52. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

53. Hutchings has no interest contrary to, or in conflict with, the Putative Class Members.

54. Like each Putative Class Member, Hutchings has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

55. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

56. Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and XTO will reap the unjust benefits of violating the FLSA and applicable state labor law.

57. Furthermore, even if some of the Putative Class Members could afford individual litigation against XTO, it would be unduly burdensome to the judicial system.

58. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

59. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether XTO employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA;

   b. Whether the Putative Class Members were improperly misclassified as independent contractors;

   c. Whether XTO's decision to classify the members of the Class as independent contractors was made in good faith;

   d. Whether XTO's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

   e. Whether XTO's violation of the FLSA was willful; and

   f. Whether XTO's illegal pay practices were applied to the Putative Class Members.

60. Hutchings and the Putative Class Members sustained damages arising out of XTO's illegal and uniform employment policy.

61. Hutchings knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

62. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

63. Hutchings demands a trial by jury.

**RELIEF SOUGHT**

64. WHEREFORE, Hutchings prays for judgment against XTO as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Hutchings and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding XTO liable to Hutchings and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
   Michael A. Josephson
   State Bar No. 24014780
   Andrew W. Dunlap
   State Bar No. 24078444
   **JOSEPHSON DUNLAP LAW FIRM**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com

   AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**